## 46431. COX v. THE STATE.
(377 SE2d 861)

WELTNER, Justice.

Donald Hugh Cox was found guilty by a jury of murdering his sister by stabbing her with a knife. He was sentenced to life imprisonment.

The evidence in this case discloses that Cox, then fifteen-and-a-half years old, fatally stabbed his sister while she slept. There is no evidence of any occurrence prior to the homicide that could have resulted in serious provocation to Cox. Indeed, the sister's last words, after she was stabbed were: "Donnie, Donnie, I love you."

1. From the evidence contained in the record in this case, a rational trier of fact could have found Cox guilty beyond a reasonable doubt of murder. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Cox complains that the trial court erred in refusing to grant his motion for continuance. The record discloses that Cox made such a motion at the beginning of his trial, the ground being that an appeal from a juvenile matter in which he was concerned was pending in the Court of Appeals. While he claimed irreparable harm if his motion were not granted, no explanation was made in the trial court (nor in this court) how the pendency of that appeal could affect the trial of the murder indictment. There was no error.

3. Cox complains the trial court erred in refusing to grant his motion for a change of venue. There is nothing in the record to suggest that pre-trial publicity had prejudiced the jurors to the extent that they could not give Cox a fair trial. See *Chancey v. State*, 256 Ga. 415, 429-430 (349 SE2d 717) (1986). There was no error.

4. The trial court found that the statement Cox made to police following his arrest was made after he had been advised of his *Miranda* rights, and that it was given freely and voluntarily. There was no evidence to the contrary. It was not error to admit the statement. See *Worthy v. State*, 253 Ga. 661, 663-664 (324 SE2d 431) (1985).

5. The evidence points to no act on the part of Cox's sister that could have generated a "sudden, violent, and irresistible passion resulting from serious provocation sufficient to excite passion in a rea-

sonable person." OCGA § 16-5-2. Accordingly, it was not error for the trial court to decline to instruct the jury on voluntary manslaughter. See *Ross v. State*, 255 Ga. 1, 5 (334 SE2d 300) (1985).

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 6, 1989.

*Murray & Nabors, Edward T. Murray*, for appellant.

*William A. Foster III, District Attorney, Michael J. Bowers, Attorney General, Andrew S. Ree*, for appellee.